ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MILTON BARTHOLOMEW,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br>NEWPORT NEWS SHIPBUILDING<br>AND DRY DOCK COMPANY, and<br>DOES 1-300,<br><br>    Defendants. | No.  C05-4947 MMC<br><br>JOINT MOTION AND STIPULATION TO STAY; [PROPOSED] ORDER |

Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and respectfully move the Court for, an Order extending time as set forth in the *Case Management Scheduling Order* filed December 8, 2005  (Document 5), for the following good cause:

Defendant NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY filed Document 9, a Notice to Tag Along Action regarding the pending Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that District.

On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML") entered an order transferring all asbestos personal injury cases pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial

proceedings pursuant to 28 U.S.C. § 1407. That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991. Such actions are to be transferred to the Eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial proceedings.

On February 10, 2006, in response to the notice of Defendant NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, the Judicial Panel on Multidistrict Litigation ("JPML") issued its Conditional Transfer Order ("CTO-258") and transmitted said order to the parties in this action. (A true and accurate photocopy of the letter and CTO-258 is attached hereto as Exhibit "A").

Pursuant to CTO-258, it becomes effective upon filing with the United States District Court for the Eastern District of Pennsylvania. The "Condition" referred to in this Conditional Transfer Order is the 15 day stay pending opposition which has since passed. As no party filed an objection, the 15 day stay of transmission of the Order expired on February 25, 2006 and it was sent to and has been received by the Pennsylvania Court.

By operation of CTO-258, it appears that Jurisdiction over this matter has already transferred to the Eastern District of Pennsylvania.

The JPML has held that a district court has the authority to stay pending a transfer order. *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.")

The parties hereby respectfully request that the Court stay the deadlines set in place by the Order of December 8, 2005 (Document 5), as jurisdiction has been transferred.

Due to the pending action by the Clerk of the JPML, the parties hereby STIPULATE to and respectfully request the Court VACATE its *Case Management Scheduling Order* filed December 8, 2005 (Document 5). The parties further stipulate to and move that the Court issue an Order STAYING this action as jurisdiction has been transferred to the Eastern District of Pennsylvania.

The parties make this Motion on the grounds that a stay of this action would (a) promote judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the parties.

Dated: March 1, 2006                                BRAYTON❖PURCELL LLP

/s/ David R. Donadio

By: _____
David R. Donadio
Attorneys for Plaintiffs

Dated: February 28, 2006                            SEDGWICK, DETERT, MORAN & ARNOLD, LLP

/s/ Damon McClain

By: _____
Damon McClain
Attorneys for Defendant
GENERAL ELECTRIC COMPANY

Dated: March 1, 2006                                HAIGHT BROWN & BONESTEEL LLP

/s/ Daniel J. Kelly
By: _____
Daniel J. Kelly
Attorneys for NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY

[PROPOSED]    **ORDER**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* filed December 8, 2005 (Document 5), are hereby VACATED.

IT IS FURTHER ORDERED that this action is STAYED pending transfer to the United States District Court for the Eastern District of Pennsylvania.

Dated: March 3, 2006

_____
Maxine M. Chesney
United States District Court Judge